UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| Estela Gonzales | § § | |
| vs. | § § | Civil Action No. |
| Blue Cross Blue Shield of Texas, A Division of Health Care Service Corporation | § § § | 3:19-cv-00218 |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES **Estela Gonzales**, hereinafter called Plaintiff, complaining of and about **Blue Cross and Blue Shield of Texas, A Division of Healthcare Service Corporation**, hereinafter called Defendant, and for cause of action shows unto the Court the following:

**SERVICE**

1.      Defendant **Blue Cross and Blue Shield of Texas, A Division of Healthcare Service Corporation** is an insurance company, doing business in the State of Texas.  Said Defendant has been served and has answered this lawsuit.

**JURISDICTION**

2.      The subject matter in controversy is within the jurisdictional limits of this court in that Plaintiff seeks recovery of over $75,000.00 and the parties are diverse.

**VENUE**

3.      Venue is proper in this Court in that in this insurance case takes place in where Plaintiff resides in Brazoria County, Texas.

**AGENCY AND VICARIOUS LIABILITY.**

4.      Whenever in this Petition it is alleged that Defendant did any act or thing or omission, it is meant that Defendant, its officers, agents, employees, or representatives did such act or thing or omission and that at the time such act or thing was done, it was done with the full authorization or ratification of Defendant or was done in the normal and routine course and scope of employment of Defendant, its officers, agents, employees, or representatives.

**WRITTEN NOTICE GIVEN**.

5.      Plaintiff has fully complied with all of the conditions precedent prior to bringing this suit.

6.    Notice letter was issued March 21, 2019, and this lawsuit is being filed after the expiration of 60 days.

## FACTS

7.    Plaintiff had a policy of medical insurance with Defendant (A copy of which is attached as **Exhibit A,** and incorporated herein for all purposes as if verbatim).

8.    The policy was in full force and effect at all times relevant to this lawsuit.

9.    Within the policy the four pages described as "Schedule of Coverage" state the coverage provided by the policy and shows coverage for Plaintiff.

10.    Page 4 of the policy, described as "Who Gets Benefits" shows that Plaintiff is eligible and covered by the policy.

11.    Plaintiff's doctors recommended to Plaintiff that for her health, she should have a procedure described by Defendant as "Service Procedure Code/Description:  19318 - Reduction mammaplasty".

12.    Plaintiff followed "Preauthorization Requirements" as described in Pages 13 thru 15 of the policy.

13.    In a letter dated May 8, 2018, Defendant through an unsigned letter communicated Defendant's approval of the medical procedure and willingness to pay for the procedure subject to her co-pays and deductibles.  (**Exhibit B** is attached and incorporated herein for all purposes as if verbatim.)

14.    On information and belief, a similar communication was made to Plaintiff's medical providers.

15.    Pursuant to the advice of Plaintiff's medical providers and in compliance with the requirement of the policy, and reliance that Plaintiff's bills were going to be properly paid by Defendant, Plaintiff had the approved procedure performed on June 27, 2018.

16.    On information and belief, Plaintiff's medical providers were initially paid and then Defendant demanded the money be returned. As demanded by Defendant, Plaintiff's medical providers did return the money.

17.    Plaintiff's medical providers are now seeking payment from Plaintiff.

18.    Plaintiff still has not received an explanation from Defendant as to why Defendant is not paying for the procedures that they approved in the letter dated May 8, 2018.

## VIOLATIONS OF THE TEXAS INSURANCE CODE

19.    Plaintiff incorporates herein all the FACTS as set forth above.

20.    Defendant's conduct in this matter appears to be in violation of numerous laws, including but not limited to Texas Insurance Code (TIC), as follows:

   a. <u>TIC § 541.060(a)(1):</u>   Defendant has violated this section by misrepresenting to a claimant a material fact relating to coverage at issue by telling claimant in a letter dated May 8, 2018, that her procedures were approved when Defendant now is apparently not approving said procedures.

   b. <u>TIC § 541.060(a)(2)(A):</u> Defendant has violated this section by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear in that research on Defendant's part would show that Defendant approved the procedures in a letter dated May 8, 2018, and there are not any policy reasons for refusing to pay the claim.

   c. <u>TIC § 541.060(a)(3):</u>   Defendant has violated this section by failing to provide a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for Defendant's denial of a claim, in that Defendant had previously approved the claim.  Defendant has not cited any policy reasons for it's failure to pay the claim.

   d. <u>TIC § 541.060(a)(7):</u>   Defendant has violated this section by refusing to pay a claim without conducting a reasonable investigation with respect to the claim in that a reasonable investigation would show that Defendant had previously approved the claim and that Plaintiff relied on that representation by Defendant and further that the policy covers Plaintiff's medical treatment.

**BREACH OF CONTRACT**

21.   Plaintiff incorporates herein all the FACTS as set forth above.

22.   Defendant's conduct in this matter appears to be in Breach of Contract, as follows:

23.   There is a valid, enforceable contract of insurance between Defendant and Plaintiff.

24.   Plaintiff is a proper party to bring this lawsuit against Defendant.

25.   Plaintiff has performed under the contract by paying premiums and cooperating with Defendant's investigation and supplying Defendant with necessary information and seeking Defendant's preapproval.

26.   Defendant has breached the contract Defendant has with Plaintiff by not providing benefits.

27.   Defendant's breach of the contract has caused injury to Plaintiff.

**PROMISSORY ESTOPPEL**

28.   Defendant made a promise to Plaintiff in Defendant's May 8, 2018, letter to pay for Plaintiff's request for approval of medical procedures.

29.   Plaintiff reasonably and substantially relied on Defendant's promise to her detriment.

30.   It was foreseeable by Defendant that Plaintiff would rely upon Defendant's promise made in the letter dated May 8, 2018.

31.   Injustice to Plaintiff can only be avoided by enforcing Defendant's promise to Plaintiff.

**PROMPT PAYMENT OF CLAIMS ACT**

32.   Plaintiff incorporates herein all the FACTS as set forth above.

33.   Defendant had all the information needed to pay Plaintiff's claim on or before November 2018, which is at least 30 days past the date Defendant had all the information it needed to play the claim. As a result, this claim should have been accepted and paid by November 30, 2018.

34.   Defendant is liable as penalty at an interest of 18% a year on the policy benefits of plus attorneys' fees.

**DAMAGES.**

35.   Plaintiff incorporates herein all the facts as set forth above.

36.   Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendant described herein:

   a. Actual damages

   b. Statutory damages due to the knowing and intentional conduct on Defendant's part.

   c. Mental anguish damages resulting from Defendant's conduct.

   d. Reasonable and necessary attorney fees resulting from Defendant's conduct.

   e. $????.?? - penalty at 18%, from November 30, 2018, on actual damages until paid.

**ATTORNEY'S FEES.**

37.   Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by:  (a) §541.152(a)(1), of the Texas Insurance Code; (b) Chapter 38 of the Texas Civil Practice and Remedies Code; and, (c) common law.

**PRE-JUDGMENT INTEREST.**

38.   As a result of the injuries sustained by Plaintiff as aforesaid and in addition to such damages, Plaintiff will show that he is entitled to pre-judgment interest on each separate element of damages as awarded by the jury during the trial of this case, from and after the date of accrual of such damages, through the date of judgment, such interest to accrue at the highest prevailing rate then applicable on the date of judgment.

**POST JUDGMENT INTEREST.**

39.     As a result of the injuries sustained by Plaintiff and in addition to such damages, Plaintiff will show that he is entitled to post-judgment interest on damages awarded by the jury during the trial of this case, from and after the date of judgment, such interest to accrue at the highest prevailing rate then applicable until paid in full.

**COSTS OF SUIT.**

40.     In addition, Plaintiff seeks all related costs of suit in this cause of action through the trial, post-trial, appeal, and/or post-judgment discovery, etc. of this matter.

41.     Wherefore, Plaintiff seeks reimbursement of court costs incurred in the trial of this case and thereafter.

**REQUEST FOR JURY TRIAL.**

42.     Plaintiff respectfully requests that a Jury be impaneled on final hearing of this cause of action.

**PRAYER.**

43.     **WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

        SIGNED on July 8, 2019.

                                Respectfully submitted,


                                /s/     Mark S. Humphreys
                                Mark S. Humphreys   - SBOT #00789762

                                MARK S. HUMPHREYS, P.C.
                                702 Dalworth Street, Grand Prairie, Texas 75050
                                Tel.  (972) 263-3722     *     Fax.  (972) 237-1690
                                Email:  texaslaw94@yahoo.com
                                **Attorney For Plaintiff**

**CERTIFICATE OF SERVICE:**     On July 8, 2019, the undersigned hereby certifies that this document was sent to the Clerk of the Court and all known parties using the ECF System.

                                /s/     Mark S. Humphreys
                                **Attorney for Plaintiff**